UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 3:16-85 |
| JEFFREY GUZMAN, | : | (JUDGE MANNION) |
| Defendant | : | |

**MEMORANDUM**

Before the court is the *pro se* motion to vacate conviction and correct sentence pursuant to 28 U.S.C. §2255 filed by the Defendant Jeffrey Guzman based upon an alleged error of fact related to the applicability of a two-level enhancement in his sentencing calculation. (Doc. 323). For the reasons set forth below, the motion will be **DENIED** without the need for an evidentiary hearing.

I.   BACKGROUND

By way of relevant background, on April 12, 2016, a grand jury returned a six-count Superseding Indictment against Defendant and five others for crimes related to drug trafficking. (Doc. 109).

On May 5, 2017, Defendant entered into a plea agreement wherein he agreed to plead guilty to Counts 1 and 6 of the Superseding Indictment in which he was charged with conspiracy to distribute and possess with intent to distribute heroin and cocaine, and the government would move to dismiss

the remaining Counts. (Doc. 215, at 3). The plea agreement specifically noted, "The defendant understands that none of these stipulations is binding upon either the court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct." (Doc. 215, at 10).[1]

On May 26, 2017, Defendant appeared in court, the court granted his motion to withdraw his plea of not guilty, and Defendant entered a guilty plea to Counts 1 and 6 of the Superseding Indictment. (Doc. 229). Defendant additionally signed an Acknowledgement of Rights Waived by Guilty Plea. (Doc. 230).

A Presentence Report ("PSR") was ordered by the court and prepared by the Probation Office. A draft PSR was distributed to the parties on July 24, 2017, and a final PSR on September 13, 2017. The final PSR included a two-level enhancement due to the fact that "the defendant committed the offense as part of a pattern of criminal conduct engaged in as a livelihood." U.S.S.G. §2D1.1(b)(15)(E). With respect to his employment record, the PSR stated:

> The subject has a limited work history. He reported temporary employment positions for brief periods at Preferred Meals, Scranton, and MIA Products, Moosic. Preferred Meals has no record of the

---

[1] Defendant initially appeared before the court on May 10, 2020, for a change of plea hearing but ultimately decided not to plead guilty. (Doc. 216).

> defendant. Records form MIA Products have been requested. The defendant stated that he performed odd side-jobs for money such has cutting hair and repairing vehicles. It is noted that the defendant was incarcerated for most of 2012 and 2013, and that the instant offense began in at least 2015.

(Doc. 262, at 17).

The United States Probation Office filed an addendum to the PSR on September 26, 2017, indicating that Defendant objected to the application of the two-level enhancement because it was "never discussed . . . prior to his guilty plea." (Doc. 268, at 1). The Probation Office, however, maintained that the enhancement was merited, noting that §4B1.3 of the United States Sentencing Guidelines defines "Pattern of criminal conduct" as "planned criminal acts occurring over a substantial period of time," and "Engaged in as a livelihood" as:

> (A) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law;[2] and (B) the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period (e.g., the defendant engaged in criminal conduct rather than regular, legitimate employment; or the defendant's legitimate employment was merely a front for the defendant's criminal conduct).

---

[2] The Probation Office noted that the then-existing hourly minimum wage was $7.25, which when multiplied by 2,000 totaled $14,500.

§4B1.4 (Commentary). The Probation Office noted that, as detailed in the PSR, Defendant had a "virtually non-existent work history," and that the facts of the case supported a finding that Defendant earned at least $14,500 from his criminal activity. (Doc. 268, at 2).

On June 27, 2017, the court sentenced Defendant to 96 months' imprisonment. At the sentencing hearing, Defendant confirmed that he had the opportunity to review and discuss the PSR with counsel. The court then heard argument regarding the two-level criminal livelihood enhancement. Defendant's primary objection to the enhancement was that he believed the plea he tendered was "very specific" and that, although the government "had a number of opportunities" to "discuss that enhancement," evidently, it did not. (Doc. 322, at 4). Defendant also argued that the enhancement was not on his "radar" and "may have affected his decision" to plead guilty. (Doc. 322, at 4). Significantly, however, Defendant did not argue that the PSR was incorrect with respect to its description of his work history. The court ultimately overruled Defendant's objection, agreeing with the government that the enhancement applied because Defendant's record "show[ed] virtually no other employment of any kind that would be of substance in this

particular case." (Doc. 322, at 7).[3] Further, the court noted that, insofar as the plea agreement was not a Rule 11(c)(1)(C) plea, the parties' discussion or understanding of the applicable guideline range was not presented to the court and, moreover, as the court made clear at the change of plea hearing, the court is not bound by their agreed-upon guideline range.

Defendant did not file an appeal. Instead, on September 14, 2018, Defendant filed the present motion to vacate. (Doc. 323). On November 23, 2018, the government filed a brief in opposition. (Doc. 328). Defendant sought additional time to file a reply brief, (Doc. 326), which the court granted, (Doc. 330); however, Defendant did not file a reply brief.

## II.   STANDARD

When a district court judge imposes a sentence on a defendant who believes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

---

[3] The court noted that the Superseding Indictment indicated that Defendant had distributed between 100 and 400 grams of heroin and more than 40 grams of crack cocaine base. Given the court's experience that heroin generally sells for $50 a gram and crack cocaine sells for around $40-$45 a gram, Defendant would have made around $7,500 during the two-month period charged in the Superseding Indictment. Extrapolating his yearly income based upon his income from that two-month period, the court observed that Defendant's income from his criminal activities well-exceeded the $14,500 amount listed in the Guidelines. (Doc. 322, at 8-9).

such sentence, or that the sentence was in excess of the maximum authorized by law, or is subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255. *See United States v. Eakman*, 378 F.3d 294, 297-98 (3d Cir. 2004).

The rule states, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See United States v. Bendolph*, 409 F.3d 155, 165 n.15 (3d Cir. 2005) (stating district courts have the power to dismiss petitions *sua sponte* during the Rule 4 stage of habeas proceedings).

A Section 2255 motion "is addressed to the sound discretion of the district court." *United States v. Williams*, 615 F.2d 585, 591 (3d Cir. 1980). A motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his federal sentence for any error that occurred at or prior to sentencing. *See In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). In order to prevail on a Section 2255 motion to vacate, set aside, or correct a sentence, the defendant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United States v. Bates*, 2008 WL 80048, at *2 (M.D.Pa. Jan. 7, 2008)

(quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). The defendant bears the burden of proof under Section 2255 and must demonstrate his right to relief by a preponderance of the evidence. *United States v. Ayers*, 938 F.Supp.2d 108, 112 (D.D.C. 2013).

### III. DISCUSSION

Here, Defendant fails to set forth any jurisdictional or constitutional errors that merit the vacating of his sentence. Defendant's sole argument is that the two-level criminal livelihood enhancement was improper because the court was presented with "erron[e]ous information." (Doc. 323, at 4). Defendant contends that, although the PSR indicated he had either been unemployed or incarcerated from 2013 to 2015, his only incarceration was a period of 30 days for a curfew violation in 2014 and that he worked "consistently" as an auto mechanic, barber, and maintenance man. (Doc. 323, at 4). Defendant states he did not raise this issue in court "because I basically went into shock." (Doc. 323, at 4).

Defendant's assertions, however, are belied by his admissions to this court as well as the record of this case. Defendant was represented by counsel throughout this case. At his sentencing, Defendant confirmed that he and his attorney reviewed the PSR. Defendant, through counsel, specifically filed an objection to the criminal livelihood enhancement in the

- 7 -

draft PSR and, further, the court heard argument from his counsel during his sentencing on that point. Thus, contrary to his claims that he was surprised by the enhancement at sentencing, Defendant was indeed well aware of the PSR's recommendation that two-level enhancement applied prior to the day of his sentencing. Despite this, Defendant did not attempt to provide any information documenting his employment, nor did he request more time so that he could do so. Having failed to provide this information to the Probation Office or the court prior to his sentencing despite his awareness that his employment history subjected him to a two-level enhancement, Defendant cannot now attempt to provide that alleged information in hopes of changing his sentence.

Notably, when provided the opportunity, Defendant did elect to speak at his sentencing, but none of his remarks pertained in any way to his sentencing guidelines or employment history. (Doc. 322, at 15). Accordingly, Defendant's present argument that he was aware of purported factual errors regarding his work history in the PSR that he could not or would not raise at the time falls well-short of his burden of establishing that he is entitled to Section 2255 relief. *See Perna v. United States*, 975 F.Supp. 657, 664 (D.N.J. 1997) ("A petitioner's failure to raise a particular error either at trial or on direct appeal generally precludes the assertion of that error for the first time in a collateral attack under Section 2255 . . . Where a petition is

predicated upon information known by the defendant and his counsel at the time of the trial or at a point at which an appeal could have been taken, such knowledge is fatal to a Section 2255 claim.").

In any case, regardless of whether Defendant was aware of the applicability of the two-level criminal livelihood enhancement, Defendant was fully aware that the court was not bound by the recommendations and stipulations of the parties. The plea agreement provided that the Probation Office and/or the court "may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct." (Doc. 215, at 10).

Additionally, at his change of plea hearing, Defendant specifically acknowledged that the court could impose a sentence different from any estimate his attorney gave him and that the court could impose a sentence more or less severe than the recommended guideline sentence. Defendant gave no indication at any point that he did not understand the representations he was making to the court. To the contrary, at every point, he indicated he wished to plead guilty. Accordingly, there is no merit to Defendant's present suggestion that would not have pleaded guilty had he been aware that the two-level enhancement might apply. The court need not accept Defendant's allegations as true if they "are unsupported by specifics [or] wholly incredible in the face of the record." *Patton v. United States*, 2010 WL 3191887, *1 (W.D.Pa. 2010) (citing *United States v. Estrada*, 849 F.2d 1304,1307 (10th

Cir. 1988)). A review of the motion, the transcripts, exhibits, and the briefs of both parties, as well as the law and the claims, makes clear that Defendant's allegations are wholly unsupported by the record. Therefore, the court finds that Defendant has failed to demonstrate a fundamental error of fact in sentencing that rendered the proceedings invalid. Accordingly, Defendant is not entitled to Section 2255 relief and the court will **DENY** his motion to vacate. (Doc. 323).[4]

## IV.   EVIDENTIARY HEARING

Although Defendant does not specifically request an evidentiary hearing, in its brief, the government argues that Defendant's motion should be denied without a hearing. The court agrees.

A court is required to conduct an evidentiary hearing to ascertain the facts "unless the motion and files and records of the case show conclusively

---

[4] Additionally, the court will **DENY** Defendant's request for the appointment of counsel, since Defendant's arguments regarding the errors in his sentence are meritless and Defendant's only argument in support of his request for counsel is that he is "broke." (Doc. 323, at 12). *See United States v. Winkelman*, 548 F.Supp.2d 142, 160 (M.D.Pa. 2008) ("Under *Tabron [v. Grace*, 6 F.3d 147, 153 (3d Cir.1993)], the first consideration by a district court [with respect to appointment of counsel in habeas proceedings] should be whether the petitioner's claim has some merit in fact and law." (internal quotation marks omitted)). Because Defendant has not overcome the first hurdle of showing his case has some arguable merit, the court need not analyze the remaining *Tabron* factors. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

- 10 -

that the movant is not entitled to relief." *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). In considering a motion to vacate, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Johnson v. United States*, 294 Fed.App'x 709, 710 (3d Cir. 2008) (internal quotation marks omitted). However, the court need not accept a movant's allegations if they are "unsupported by specifics [or] wholly incredible in the face of the record." *Patton v. United States*, 2010 WL 3191887, at *1 (W.D.Pa. 2010).

Upon review of the motion, the government's brief, the record, and applicable law, it is clear that Defendant's allegations regarding his employment are frivolous and wholly unsupported by the record. Therefore, the court finds that Defendant is not entitled to an evidentiary hearing because the record establishes that he is not entitled to the relief sought in his motion.

### V.   CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Thus, a defendant must show that "jurists of reason could

disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, a COA will not issue because Defendant has shown neither the denial of a constitutional right nor that jurists of reason would disagree with this court's resolution of his claims.

### VI.   CONCLUSION

For the reasons set forth above, Defendant's motion to vacate (Doc. 323), will be **DENIED** without need for an evidentiary hearing. Additionally, the court will **DENY** Defendant's request for the appointment of counsel and a COA will not issue.

An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 12, 2021**
16-85-03